13-3666-cr
United States v. Whitehead

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
                    REENA RAGGI,
                    PETER W. HALL,
                              *Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

            v.                                                        No. 13-3666-cr

SHAUN WHITEHEAD,
                    *Defendant-Appellant.*

---------------------------------------------------------------------

APPEARING FOR APPELLANT:        FRANCIS LEE O'REILLY, O'Reilly & Shaw LLC, Southport, Connecticut.

APPEARING FOR APPELLEE:          FELICE M. DUFFY (Edward Chang, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Alfred V. Covello, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 9, 2013, is AFFIRMED.

Defendant Shaun Whitehead, who stands convicted after a jury trial of five counts of passing counterfeit one-hundred dollar bills, see 18 U.S.C. § 472, argues that the trial evidence was insufficient to prove his knowledge that the bills were counterfeit or his intent to defraud. We review a sufficiency challenge de novo and must affirm if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

On appeal, Whitehead does not contest that he used counterfeit bills on five occasions to purchase iPads and Bose headphones, which he then returned to different store locations for non-counterfeit cash refunds. Rather, Whitehead asserts that the evidence failed to prove beyond a reasonable doubt his knowledge that the bills he used were counterfeit or his intent to defraud. Neither the law nor the facts supports this argument.

The law has long recognized that knowledge and intent must frequently be proved through circumstantial evidence. See United States v. MacPherson, 424 F.3d 183, 189–90 (2d Cir. 2005). Here, the circumstantial evidence of Whitehead's culpable mens rea was

compelling. First, Whitehead engaged in an unusual pattern of traveling across the tri-state area to purchase the same expensive items, each time with counterfeit one-hundred dollar bills, and each time returning the items to a different store within days for a cash refund. See id. at 190–91 (holding that jury may infer guilty intent from pattern of conduct); see also United States v. Sheiner, 410 F.2d 337, 340 (2d Cir. 1969) (holding that guilty knowledge may properly be inferred from variety of circumstances, including "number of counterfeits passed over a short period of time"). Indeed, an expert testified that buying and returning expensive items is a common method for swapping large denomination counterfeit bills for genuine currency. See United States v. Abdulle, 564 F.3d 119, 129 (2d Cir. 2009) (finding that conviction was supported in part by expert testimony that defendant's behavior was consistent with criminal practices). Second, multiple witnesses testified to the suspect nature of the bills, including their fake appearance, feel, and smell. Moreover, all of the counterfeit bills used by Whitehead were admitted into evidence, enabling the jury to assess for itself their readily apparent counterfeit nature. See United States v. Asbury, 586 F.2d 973, 978 (2d Cir. 1978) (upholding counterfeiting convictions against sufficiency challenge where "jurors examined the bills and could conclude that their counterfeit nature must have been readily apparent to [defendants]"). Third, witnesses testified to Whitehead's nervousness while using the counterfeit bills and his quick exit from several stores after doing so. Fourth, the prosecution presented evidence that Whitehead had lied about why he was rushing from the scene of one of his acts, falsely stating that he had children waiting in his car. Fifth,

3

when arrested, Whitehead (a) attempted to hide various receipts from the stores he had defrauded; (b) possessed a fake Florida driver's license with his picture but a different name; and (c) told an arresting officer that he had "nothing to say" because the case against him was "rock solid." When these circumstances are viewed in the light most favorable to the prosecution, a reasonable jury certainly could have concluded that Whitehead knowingly used counterfeit currency with intent to defraud.

In urging otherwise, Whitehead argues that (1) no direct evidence was presented wherein he admitted knowledge of the bills' inauthenticity; (2) on one occasion, he did not flee the scene quickly; (3) one witness testified that he did not appear nervous when using the counterfeit bills; (4) there were other explanations for his leaving one of the stores quickly; and (5) several witnesses testified to the high quality of the counterfeit bills. Whitehead's first argument is defeated by precedent. See United States v. Lorenzo, 534 F.3d 153, 159 (2d Cir. 2008) (observing that "[d]irect evidence is not required; in fact, the government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt" (internal quotation marks omitted)); see also United States v. MacPherson, 424 F.3d at 189–90 (collecting cases). The same conclusion obtains as to Whitehead's remaining arguments. See United States v. Praddy, 725 F.3d 147, 152 (2d Cir. 2013) ("Choices between competing inferences and assessments of witness credibility lie solely within the province of the jury. The jury is free to believe part, and to disbelieve part, of any given witness's testimony. Where there are conflicts in the testimony, we

4

must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses. . . .   These principles apply whether the evidence being reviewed is direct or circumstantial." (citations, internal quotation marks, brackets, and ellipses omitted)).

Accordingly, Whitehead's sufficiency challenge fails on the merits.

We have considered Whitehead's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court